O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHOOSHANK AMIRIAN,                    )  NO. CV 06-5639-E
                                      )
                    Plaintiff,        )
                                      )
        v.                            )  **MEMORANDUM OPINION**
                                      )
JO ANNE B. BARNHART, COMMISSIONER     )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,    )
                                      )
                                      )
                    Defendant.        )
_____)

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                            **PROCEEDINGS**


        Plaintiff filed a complaint on September 14, 2006, seeking

review of the Commissioner's denial of benefits.  The parties filed

a consent to proceed before a United States Magistrate Judge on

October 30, 2006.

1        Plaintiff filed a motion for summary judgment on February 28,

2   2007.  Defendant filed a cross-motion for summary judgment on

3   April 2, 2007.  The Court has taken the motions under submission

4   without oral argument.  See L.R. 7-15; "Order," filed September 15,

5   2006.

6

7        **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8

9        Plaintiff, who has no past relevant work, asserts disability

10  based on various alleged impairments (Administrative Record ("A.R.")

11  61-67, 76-86, 103-06).  The first Administrative Law Judge ("ALJ") to

12  adjudicate Plaintiff's claim found that Plaintiff's severe

13  impairments limit her to light work (A.R. 33-40).  Following an

14  Appeals Council remand, a second ALJ found Plaintiff can perform

15  medium work, notwithstanding her severe impairments (A.R. 17-27).  In

16  reliance on the testimony of a vocational expert, the ALJ found there

17  exist medium level jobs Plaintiff can perform (A.R. 17-27, 68-69).

18  The Appeals Council denied review (A.R. 6-8).

19

20       **STANDARD OF REVIEW**

21

22       Under 42 U.S.C. section 405(g), this Court reviews the

23  Commissioner's decision to determine if: (1) the Commissioner's

24  findings are supported by substantial evidence; and (2) the

25  Commissioner used proper legal standards.  See Swanson v. Secretary,

26  763 F.2d 1061, 1064 (9th Cir. 1985).

27  ///

28  ///

**DISCUSSION**

After a severely impaired claimant demonstrates he or she has no past relevant work history "the burden shifts to the [Administration] to show that there are other jobs in the economy that the claimant can nonetheless perform." Dionne v. Heckler, 585 F. Supp. 1055, 1059 (D. Me. 1984) (citations and quotations omitted); accord Malin for Malin v. Sullivan, 1991 WL 243825 *1 (E.D. Pa. Nov. 14, 1991); see also Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) (burden shifts similarly where claimant demonstrates inability to perform past relevant work).  As discussed below, the ALJ committed several errors of law in the course of attempting to carry this burden.

First, the ALJ failed to support the residual functional capacity assessment with substantial evidence in the record.  The ALJ's conclusion that Plaintiff retains the capacity to perform medium work is largely unexplained in the written decision (A.R. 17-27).  None of the many physicians who rendered opinions regarding Plaintiff's capacity believed Plaintiff can perform medium work (A.R. 123-28, 147-50, 153-56, 157-65, 276-79, 362-65).  No record evidence regarding Plaintiff's daily activities suggests a capacity for medium work.  Under these circumstances, more than the ALJ's unexplained conclusion is required to support a medium residual functional capacity assessment.  See, e.g., Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993) (ALJ may not rely on "the absence of contraindication" to support a conclusion regarding work capacity); Browning v. Barnhart, 2003 WL 1831112 *7 (E.D. Tex. Feb. 27, 2003)

(the Commissioner cannot rely on "raw medical evidence as substantial support for [the ALJ's] residual functional capacity assessment" where no medical opinion and no vocational evidence supports the ALJ's assessment).

The ALJ's unexplained assessment also violates Social Security Ruling ("SSR") 96-6p.[1]  This SSR provides that "[f]indings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources . . . ."  Consequently, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions."  SSR 96-6p.  The ALJ erred by failing to discuss the opinion of the state agency physician who assessed Plaintiff's capacity at less than a capacity for medium work.  See A.R. 17-27; 180-87.[2]

The ALJ also erred by apparently ignoring the statements of Plaintiff's son.  Plaintiff's son submitted written statements potentially corroborative of Plaintiff's testimony (A.R. 123-28).  The ALJ found Plaintiff's testimony not credible but failed to

---

[1]    SSRs are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[2]    The decision's incorporation "by reference [of] the summary and analysis of the medical reports adduced in the earlier [ALJ's] decision, but not the conclusions drawn therefrom" plainly does not suffice to comply with SSR 96-6p.  The decision does not explain the weight given (or not given) to the state agency physician's opinion.  Unlike the first ALJ, the second ALJ disagreed with the state agency physician's opinion.

mention the son's statements (A.R. 17-27).  In evaluating the
credibility of a claimant's assertions of functional limitations, the
ALJ must consider lay witnesses' reported observations of the
claimant.  See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th
Cir. 1999).  "[F]amily members in a position to observe a claimant's
symptoms and daily activities are competent to testify as to [the
claimant's] condition."  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th
Cir. 1993); 20 CFR § 404.1513(e)(2) ("[o]bservations by non-medical
sources" "may also help us to understand how your impairment affects
your ability to work").

          "[T]he ALJ can reject the testimony of lay witnesses only if
he [or she] gives reasons germane to each witness whose testimony he
[or she] rejects."  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
1996).  A conflict with the medical evidence, for example, can be a
"germane reason" to reject the testimony of a lay witness.  See Lewis
v. Apfel, 236 F.3d 503 (9th Cir. 2001).  The mere fact that a witness
is a family member, however, is not a sufficient reason to reject the
witness' testimony.  See Smolen, 80 F.3d at 1289; Regennitter, 166
F.3d at 1298.  Similarly, the mere fact that a witness provides
assistance to a claimant cannot suffice as a reason to reject the
witness' testimony.  Cf. Regennitter, 166 F.3d at 1298 (ALJ erred in
rejecting testimony of claimant's mother who "testified she was
Regennitter's sole source of support, housing, and feeding").
Otherwise, the testimony of virtually all spouses, parents, children

1   and other caregiver witnesses could be ignored with impunity.[3]

2

3        Where, as here, an ALJ fails properly to consider competent

4   lay evidence favorable to a claimant, the district court cannot deem

5   the error harmless unless no reasonable ALJ, when fully crediting the

6   lay evidence, could have reached a different disability

7   determination.   See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th

8   Cir. 2006).  Given the centrality of Plaintiff's credibility to the

9   disability determination, this Court is unable to conclude that no

10  reasonable ALJ, fully crediting the statements of Plaintiff's son,

11  could have reached a different disability determination regarding

12  Plaintiff.

13

14       The ALJ also erred in connection with the hypothetical

15  questioning of the vocational expert.  The ALJ found that Plaintiff

16  suffers from severe depression that results in "a moderate

17  restriction on concentration" (A.R. 25).  The hypothetical questions

18  posed to the vocational expert fail to include any such restriction

19  (A.R. 68-69).[4]  Unless hypothetical questions posed to a vocational

20

21  _____

22  [3]    Most of the above-cited authorities speak in terms of the
    "testimony" of lay witnesses.  The standards discussed in these
23  authorities, however, would appear equally applicable to the written
    statements submitted in this case.  Cf. Schneider v. Commissioner,
24  223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered
    letters submitted by claimant's friends and ex-employers in
25  evaluating severity of claimant's functional limitations).

26  [4]    A limitation to simple or unskilled work does not account
    for "deficiencies of concentration, persistence or pace."  See
27  Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1986); Dade v.
    Commissioner, 1999 WL 1192727 *3 (D. Or. Dec. 15, 1999);
28  Rosario v. Shalala, 836 F. Supp. 257, 260-62 (E.D. Pa. 1993).

1   expert "set out all of the claimant's impairments," the vocational

2   expert's testimony cannot constitute substantial evidence to support

3   an ALJ's findings.  Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.

4   1984); accord Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir.

5   1987).

6

7        When a court reverses an administrative determination, "the

8   proper course, except in rare circumstances, is to remand to the

9   agency for additional investigation or explanation."  INS v. Ventura,

10  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

11  proper where, as here, additional administrative proceedings could

12  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

13  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

14  1496, 1497 (9th Cir. 1984).

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

**CONCLUSION**

2

3          For all of the foregoing reasons,[5] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED:  April 6, 2007.

10

11

12                          _____ /S/_____

13                          CHARLES F. EICK
                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

[5]      The Court has not reached any other issue raised by Plaintiff
27   except insofar as to determine that Plaintiff's arguments in favor
     of reversal rather than remand are unpersuasive.
28